ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



FEB 27 2006

CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. |
| v. | ) COMPLAINT |
| HALE COUNTY, TEXAS; DIANE WILLIAMS, the COUNTY CLERK, in her official capacity; and the HALE COUNTY COMMISSIONERS COURT; | ) 5-06CV0043-C |
| Defendants. | ) |

The United States of America, Plaintiff herein, alleges:

1. The Attorney General files this action pursuant to Sections 203, 204, 208, and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973aa-1a; 42 U.S.C. § 1973aa-2; 42 U.S.C. § 1973aa-6; 42 U.S.C. § 1973j(d); and 28 U.S.C. § 2201.

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345, 42 U.S.C. § 1973j(d), and 42 U.S.C. § 1973j(f).

3. The events relevant to this action occurred in Hale County, which is located in the United States District Court for the Northern District of Texas, Lubbock Division.

4. Defendant HALE COUNTY is a political and geographical subdivision of the State of Texas.

5. Defendant DIANE WILLIAMS is the County Clerk of Hale County. In her capacity as County Clerk, Defendant Williams has responsibilities concerning the administration of voting and elections in Hale County. Defendant Williams is sued in her official capacity.

6. Defendant HALE COUNTY COMMISSIONERS COURT is the primary budgetary authority for the County and for the County Clerk and Elections Coordinator.

7. According to the 2000 Census, Hale County had a total population of 36,602 persons, of whom 17,532 (47.9%) were Hispanic. The total citizen voting-age population was 25,532, of whom 10,663 (41.8%) were Hispanic.

8. According to the 2000 Census, 2,625 voting age citizens in Hale County (or 10.3% of the total citizen voting age population) had limited English proficiency.

9. Hale County, as a political subdivision of the State of Texas, is subject to the requirements of Section 203 with respect to the Spanish language. See 42 U.S.C. § 1973aa-1a(c); 40 Fed. Reg. 41,827 (Sept. 9, 1975). The determination that Section 203 covers Hale County for Spanish language is final and non-reviewable. See 42 U.S.C. § 1973b(a)(9)(b); 28 C.F.R. § 55.4(a)(2).

10. Hale County has been continuously covered under Section 203 to provide bilingual elections in Spanish since September 1975. See 40 Fed. Reg. 41,827 (Sept. 9, 1975). The Department of Justice has directly notified Hale County election officials regarding the bilingual election requirements of the Voting Rights Act, including in letters dated July 26, 2002 and August 31, 2004.

## **FIRST CAUSE OF ACTION**

11. The Plaintiff hereby alleges and incorporates by reference paragraphs one through eleven above.

12. Section 208 of the Voting Rights Act provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6.

13. In violation of Section 208, the Defendants, their employees, and agents have failed to allow voters the assistors of their choice through the following practices:

   a) Prohibiting family members and poll watchers from providing assistance to limited English proficient Spanish-speaking citizens.

   b) Requiring Spanish-speaking voters to be assisted by poll workers who either did not speak Spanish or did not speak Spanish fluently.

   c) Failing to accurately and adequately instruct poll workers on their duty to permit voters assistance from any person of their choice, other than their employers or union officials.

14. Defendants' failure to allow voters to receive necessary assistance from any person of their choice, other than their employers or union officials, as described herein, is a violation of Section 208 of the Voting Rights Act. 42 U.S.C. § 1973aa-6.

15. Unless enjoined by this Court, Defendants will continue to violate Section 208 by failing to provide Hale County's voters with the opportunity to receive assistance from

persons of the voters' choice and by limiting the scope of the assistance voters can receive from their chosen assistors.

## SECOND CAUSE OF ACTION

16. The Plaintiff hereby alleges and incorporates by reference paragraphs one through sixteen above.

17. Under Section 203 of the Voting Rights Act, "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendants provide in English must also be furnished in Spanish to Spanish-speaking voters. 42 U.S.C. § 1973aa-1a(c).

18. In violation of Section 203, the Defendants, their employees, and agents have not effectively provided election-related materials and information in Spanish to limited English proficient Hispanic citizens as required by Section 203 of the Voting Rights Act, including, but not limited to, the following:

   a) Failing to recruit, appoint, train, and maintain an adequate pool of bilingual poll officials capable of providing effective language election information and assistance to limited English proficient Spanish-speaking citizens that it provides in English; and

   b) Failing to provide certain election-related information that it provides in English, including, but not limited to, information publicizing elections, in a manner that assures Spanish-speaking voters an effective opportunity to be informed about election-related activities.

19. Defendants' failure to provide effective Spanish language materials and information, as described herein, constitutes a violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a(c).

20. Unless enjoined by this Court, Defendants will continue to violate Section 203 by failing to provide Spanish-speaking citizens of Hale County with Spanish-language election information and assistance necessary for their effective political participation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America prays that this Court enter an order:

(1) Declaring that the practices of Defendants set forth above violate Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(2) Declaring that Defendants have failed to provide election assistance and information necessary to those who require it in Spanish for effective political participation, in violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a(c);

(3) Enjoining Defendants, their agents, and successors in office, and all persons acting in concert with them, from engaging in any act or practice that denies the rights secured by Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(4) Enjoining Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from failing to provide Spanish-language election assistance and information to persons with limited English proficiency as required by Section 203, 42 U.S.C. § 1973aa-1a(c);

(5) Requiring Defendants to devise and implement a remedial plan to ensure that Hale County's voters are permitted assistance from persons of choice when they cast their

ballots, in compliance with Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(6) Requiring Defendants to devise and implement a remedial plan to ensure that Spanish-speaking citizens with limited English proficiency are able to understand, learn of, and participate in all phases of the electoral process as required by Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a(c);

(7) Requiring Defendants to publicize effectively the remedial plans and programs addressing violations of Section 208 of the Voting Rights Act to ensure their dissemination to Hale County's voters;

(8) Requiring Defendants to publicize effectively the remedial plans and programs addressing violations of Section 203 of the Voting Rights Act to ensure their widespread dissemination to Hale County's minority language voters; and

(9) Authorizing the appointment of federal examiners for elections held in Hale County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), through December 31, 2008.

Plaintiff further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

Date: 27th day of February, 2006

                        ALBERTO R. GONZALES
                        Attorney General

                        WAN J. KIM
                        Assistant Attorney General
                        Civil Rights Division

                        RICHARD B. ROPER
                        United States Attorney
                        E. SCOTT FROST
                        Assistant United States Attorney
                        State Bar No. 07488080
                        Telephone: (806) 472-7566
                        Facsimile: (806) 472-7394

                        JOHN TANNER
                        Chief, Voting Section

                        SUSANA LORENZO-GIGUERE
                        Special Litigation Counsel
                        JOSHUA L. ROGERS
                        Trial Attorney
                        United States Department of Justice
                        Civil Rights Division,
                        950 Pennsylvania Avenue NW NWB-7254
                        Washington, D.C. 20530
                        Telephone: (202) 514-8201
                        Facsimile: (202) 307-3961

**ORIGINAL**

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
HALE COUNTY, ET AL

**5-06CV0043-C**

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant ___Hale County, Texas___
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
E. Scott Frost, Assistant United States Attorney
1205 Texas Avenue, Lubbock, TX 79401  806.472.7566

Attorneys (If Known)
James M. Tirey, Hale County Attorney, 500 Broadway Street
Courthouse Basement, Plainview, TX 79072  806.291.5306

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U S Government Plaintiff
☐ 2 U S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY (cont.)**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer w/Disabilities - Employment
- ☐ 446 Amer w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret Inc Security Act

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Violation of Sections 203 and 208 of the Voting Rights Act of 1965.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R C P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions.)
JUDGE _____ DOCKET NUMBER _____

DATE: 2/27/06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____