IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

APR 2 7 2006

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

UNITED STATES OF AMERICA,           )
                                    ) No. 5:06-CV-043-C
            Plaintiff,              )
                                    )
      v.                            ) **CONSENT DECREE (MODIFIED),**
                                    ) **JUDGMENT, and ORDER**
                                    )
HALE COUNTY, TEXAS;                 )
DIANE WILLIAMS, the                 )
COUNTY CLERK, in her official       )
capacity; and                       )
the HALE COUNTY                     )
COMMISSIONERS COURT;                )
                                    )
            Defendants.             )

The United States of America filed this action pursuant to Sections 208 and 203 of the

Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973aa-6, 42 U.S.C. § 1973aa-1a, and 28

U.S.C. § 2201, over violations of Sections 208 and 203 arising from Hale County's election

practices and procedures as they affect Spanish-speaking citizens of the County. The Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(d) & (f).

Hale County is subject to the requirements of Section 208 of the Voting Rights Act, as

amended, 42 U.S.C. § 1973aa-6. Section 208 of the Voting Rights Act provides that "[a]ny

voter who requires assistance to vote by reason of blindness, disability or inability to read or

write may be given assistance by a person of the voter's choice, other than the voter's employer

or agent of that employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6. Hale

County, through its employees and agents, prevented certain Spanish-speaking limited English

proficient voters from securing assistance at the polls necessary for their effective participation in the voting process, in violation of Section 208.

Hale County is covered under Section 203 to provide Spanish-language written materials and assistance to voters. See 42 U.S.C. § 1973aa-1a. The State of Texas, including Hale County, has been subject to the requirements of Section 203 since 1975. See 42 U.S.C. § 1973aa-1a(c); 40 Fed. Reg. 41,827 (Sept. 9, 1975). The County has been under notice of its obligations under Section 203 since 1975, and most recently the Department of Justice has sent the County information regarding the bilingual election requirements of the Voting Rights Act on July 26, 2002 and August 31, 2004.

According to the 2000 Census, Hale County had a total population of 36,602 persons, of whom 17,532 (47.9%) were Hispanic. The total citizen voting-age population was 25,532, of whom 10,663 (41.8%) were Hispanic. The number of Hispanic voting-age citizens who were limited English proficient was 2,625 (10.3%).

Defendants have not complied with the requirements of Section 203 for Spanish-speaking citizens residing in Hale County by failing to train poll workers on how properly to provide assistance to Spanish-speaking LEP voters, failing effectively to recruit qualified bilingual poll workers, and failing to provide in an effective manner certain election-related information to Spanish-speaking voters.

To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree (the "Decree"). Accordingly, the United States and Defendants hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this document. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter.

Defendants admit that they have not fully complied with all of the provisions of Sections 208 and 203; however, Defendants are committed to comply fully with all of such requirements in future elections. Defendants stipulate that each provision of this Consent Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  Defendants, their agents, employees, contractors, successors, and all other persons representing the interests of the Defendants are hereby PERMANENTLY ENJOINED from:

    a.  prohibiting "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write . . . [to] be given assistance by a person of the voter's choice, other than the voter's employer or agent of the employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6; and

    b.  failing to provide in Spanish "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," that they provide in English, as required by Section 203 of the Voting Rights Act. 42 U.S.C. § 1973aa-1a(c).

2.  The terms of this Decree apply to all federal, state, and local elections administered by the County, including County-run elections for city, school district, and other political subdivisions of the County. Whenever Defendants enter into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendants shall require such other entity to agree to abide by the terms of this

3

Decree as if such entity were a party to this Decree with the United States, and consistent with the responsibility of each such entity to comply fully with Sections 208 and 203.

## Voter Assistance

3.      Defendants shall ensure that Spanish-speaking voters with limited English-speaking proficiency are permitted assistance from persons of the voter's choice, other than employers or agent of the voter's union, and that such assistance shall include assistance in the voting booth, including interpreting the ballot and instructing voters on how to select the voter's preferred candidates.

4.      Defendants shall ensure that in cases where a poll worker is the limited English proficient voter's assistor-of-choice, all poll workers shall make certain that the voter receive such assistance from a trained bilingual poll worker rather than any poll worker who does not speak Spanish fluently.

## Translation and Dissemination of Election-Related Materials

5.      All information that is disseminated by Hale County in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973aa-1a(c), shall also be provided in the Spanish language. Defendants shall ensure that both English and Spanish language election information, materials, and announcements provided by Hale County are made equally available.

6.      Defendants shall ensure that Spanish-language election information, materials, and announcements are provided to the same extent as they are provided in English. Spanish-language information shall be distributed in newspapers,

4

radio, Internet, and/or other media that exclusively or regularly publish or broadcast information in Spanish. These announcements need not be identical in all respect to English-language announcements, but shall be in the form, frequency, and media best calculated to achieve notice and understanding equal to that provided to the English-speaking population and to provide substantially the same information.

7.      Signs in both English and Spanish shall be posted prominently at polling places stating that Spanish-language assistance is available. At sites without bilingual staff, signs in both English and Spanish shall be posted that explain how voters can obtain Spanish-language assistance.

**Spanish-Language Assistance**

8.      Spanish-language assistance shall be available at all locations where election-related transactions are conducted. Trained bilingual (Spanish/English) election personnel shall be available to answer voting-related questions by telephone without cost during normal business hours and while the polls are open on Election Days.

9.      Defendants shall recruit, hire, and assign election officials able to understand and speak Spanish fluently to provide assistance to Spanish-speaking voters at the polls on Election Days. The County shall survey its employees to identify personnel who speak Spanish fluently and, to the extent such employees can be made available to provide assistance, allow and encourage such employees to serve at the polls on Election Day. As part of its obligation to ensure that entities on whose behalf the County conducts elections are fully compliant with

5

Section 203 in their elections, the County shall request that each entity for which it conducts elections perform similar surveys of its employees. The County and the entities for which it conducts elections shall only hire bilingual poll workers whose fluency in the Spanish language has been confirmed by a fluent Spanish speaker.

10.    The County shall also invite eligible members of the Advisory Group, discussed below, to serve as poll officials and to encourage other bilingual voters to do so.

11.    In addition to the requirements of state law,

    a.    Any polling place in which there are 100-249 registered voters with Spanish surnames shall be staffed by at least one bilingual election official.

    b.    Any polling place in which there are 250-499 registered voters with Spanish surnames shall be staffed by at least two bilingual election officials.

    c.    Any polling place in which there are 500 or more registered voters with Spanish surnames shall be staffed by at least three bilingual election officials.

    d.    Defendants shall employ bilingual personnel, trained in Spanish-language election terminology, who shall be on call and available to travel to an election precinct not staffed by a bilingual poll worker to provide any necessary assistance to any Spanish-speaking voter.

**Election Official Training**

12.    Prior to each election, in addition to any required state or county training, the County shall train all poll officials and other election personnel present at the polls regarding the following:

6

a. The provisions of Section 203 of the Voting Rights Act, including the legal obligation and means to make Spanish-language assistance and materials available to voters; the requirement that poll officials be respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities and to avoid derogatory comments; and to offer to all eligible persons the opportunity to cast a provisional ballot consistent with state law and the Help America Vote Act. In addition to the general training for poll officials, the County shall train all bilingual poll officials on Spanish-language election terminology, voting instructions, and other election-related issues. The County shall maintain a record of which poll officials attend training sessions, including the time, location, and training personnel involved.

b. The provisions of Section 208 of the Voting Rights Act, including the legal obligation to allow anyone other than the voter's employer or an agent of the voter's union to assist him or her at the polls.

13. Defendants, upon receipt of complaints by voters, whether oral or written, shall investigate expeditiously any allegations of poll worker hostility toward Spanish-speaking and/or Hispanic voters in any election. The results of the investigation(s) conducted by the Defendants shall be reported to the United States. Where there is credible evidence that poll workers have engaged in inappropriate treatment of Spanish-speaking and/or Hispanic voters, Defendants shall remove the poll workers.

7

**Program Coordinator**

14.    The County shall employ an individual to coordinate the County's bilingual election Program ("the Coordinator") for all elections within the County. The County shall provide that individual with support sufficient to meet the goals of the Program. The Coordinator shall be able to understand, speak, write, and read fluently both Spanish and English. The Coordinator's responsibilities shall include coordination of the translation of ballots and other election information; development and oversight of Spanish publicity programs, including selection of appropriate Spanish-language media for notices and announcements; training, recruitment, and assessment of Spanish-language proficiency of bilingual poll officials and interpreters; and managing other aspects of the Program.

15.    The County shall establish an Advisory Group, not to exceed twelve members, to be chaired by the Coordinator, to assist and to inform the bilingual program.

    a.    Each member of the Hale County Commissioners Court, including the County Judge, shall appoint two members to the Advisory Group. The County Clerk of Hale County shall appoint two members. Members shall serve for a period of one year each, and the Advisory Group shall be re-constituted each year.

    b.    The Coordinator shall invite participation at all meetings of the Advisory Group from all interested individuals and organizations that work with or serve the Spanish-speaking community in the County, to determine how most effectively to provide elections materials, information, and assistance to Spanish-speaking voters and to fill any gaps in public awareness about the County's bilingual election program due to past failures to provide accessible election-related

8

information to Spanish-speaking voters. The County shall maintain a roster of such persons together with the telephone and facsimile numbers or e-mail addresses of each, and shall provide to each such personal notices it provides to the Advisory Group.

c. The Coordinator shall ask each member of the Advisory Group and any attendees at Advisory Group meetings to provide names of potential bilingual poll workers.

d. The Advisory Group shall meet at least monthly in 2006 and at least quarterly in 2007 and thereafter as the Advisory Group deems necessary. The Coordinator shall provide notice of all planned meetings to each member, including the time, location, and agenda for the meeting, at least fourteen days in advance, although the members of the Advisory Group may waive or shorten this time period in writing.

e. Within five business days following each meeting, the Coordinator shall provide a written summary to all members and to the Commissioners Court and County Clerk of all the discussion and any decisions reached at the meeting.

f. If the County Clerk or the Coordinator decide not to implement an Advisory Group suggestion or a consensus cannot be reached respecting such suggestion, a written record of the suggestion and the reasons for not implementing it shall be made and maintained by the Coordinator for a period of at least two years.

g. The County shall provide to all members of the Advisory Group copies in English and Spanish, of all election information, announcements, and notices that are provided to the general public and shall request that the members of the

9

Advisory Group and any other interested parties share these materials with their clients, constituents, and/or members.

**Federal Examiners and Observers**

16.    To monitor compliance with and ensure effectiveness of this Decree, and to protect the Fourteenth Amendment rights of the citizens of Hale County, the appointment of federal examiners is authorized for Hale County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), as long as the Decree is in effect.

17.    Defendants shall recognize the authority of federal observers to observe all aspects of voting conducted in the polls on Election Day, including the authority to view County personnel providing assistance to voters during voting, except where the voter objects.

**Evaluation of Plan**

18.    The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish-language Program. Defendants shall evaluate the bilingual Program after each election to determine which aspects of the bilingual Program are functioning well; whether any aspects need improvement; and how to affect needed improvements. The Program may be adjusted at any time upon joint written agreement of the parties.

**Retention of Documents and Reporting Requirements**

10

19.    During the duration of this Decree, the County shall make and maintain written records of all actions taken pursuant to this Decree and shall produce such records to the United States upon its request.

20.    During the duration of this Decree, at least thirty days before each County-administered election held in the County, Defendants shall provide to counsel for the United States:

    a.    the name, address, and precinct designation of each polling place;

    b.    the name and title of each poll official appointed and assigned to serve at each polling place as of the date the materials are sent;

    c.    a designation of whether each poll official is bilingual in English and Spanish; and

    d.    an electronic copy of the voter registration list to be used in such elections.

21.    Within thirty days after each election, Defendants shall provide to counsel for the United States any updated report regarding changes in items (a)-(d) above that occurred at the election, and provide information about all complaints the County received at the election regarding language or assistance issues.

**Other Provisions**

22.    This Decree is final and binding between the parties and their successors in office regarding the claims raised in this action. This Decree shall remain in effect through August 6, 2007, and the parties further stipulate that the Decree shall be extended through December 31, 2009, if Defendants remain under a continuing federal statutory obligation to provide minority language materials and assistance after August 6, 2007.

11

23.   The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Sections 208 and 203 of the Voting Rights Act.

24.   Each party shall bear its own costs and fees.

Agreed to this 27ᵗʰ day of Feb., 2006.


AGREED AND CONSENTED TO:


For the United States of America                    For Defendants:

ALBERTO R. GONZALES
Attorney General



WAN J. KIM                                          JAMES M. TIREY, OF COUNSEL
Assistant Attorney General                          Hale County Attorney
Civil Rights Division                               500 Broadway Street
                                                    Courthouse Basement
                                                    Plainview, Texas 79072
                                                    Telephone: (806) 291-5306
                                                    Facsimile:  (806) 291-5308



RICHARD B. ROPER                                    BILL HOLLARS
United States Attorney                              Hale County Judge
E. SCOTT FROST                                      500 Broadway Street, # 100
Assistant United States Attorney                    Plainview, Texas 79702
State Bar No. 07488080                              Telephone: (806) 291-5214
Telephone: (806) 472-7566                           Facsimile: (806) 296-7786
Facsimile:  (806) 472-7394



                                                    DIANE WILLIAMS
JOHN TANNER, Chief, Voting Section                  Hale County Clerk
SUSANA LORENZO-GIGUERE,                             500 Broadway Street
Special Litigation Counsel                          Plainview, Texas 79702
JOSHUA L. ROGERS, Trial Attorney                    Telephone: (806) 291-5205
United States Department of Justice                 Facsimile: (806) 291-9810
Civil Rights Division
Voting Section
950 Pennsylvania Avenue NW - NWB-7254
Washington, D.C.  20530
Telephone: (202) 514-8201
Facsimile:  (202) 307-3961


13

## JUDGMENT AND ORDER

This Court, having considered the United States' claim under Sections 208 and 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973aa-6 and 42 U.S.C. § 1973aa-1a, and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree as modified by the Court, hereby enters the relief set forth above and incorporates those terms herein.

ENTERED and ORDERED this _27th_ day of April, 2006.


_____
JERRY E. SMITH
UNITED STATES CIRCUIT JUDGE

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

14